## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3362 | **DATE** | 4/13/2001 |
| **CASE TITLE** | Steinbrecher vs. Dickey, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion for class certification (16-1) on count IV is denied, but Ms. Steinbrecher may pursue her claims for injunctive relief in count IV as an individual. Defendants' motion to dismiss (10-1) is granted in part as to count II and denied in part as to counts I, III, and IV. Plaintiff's motion to strike (12-1) is denied as moot. Enter Memorandum Opinion and Order.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | APR 16 2001 date docketed | 27 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | IS docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 4/13/2001 date mailed notice | |
| MPJ | courtroom deputy's initials | APR 13 PM 4:51 | MPJ mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROSEMARY STEINBRECHER, )
individually, and on behalf of )
others similarly situated, )
)
Plaintiff, )
)
v. ) No. 00 C 3362
)
OSWEGO POLICE OFFICER DICKEY, )
OSWEGO POLICE SERGEANT RADLEY, )
and THE VILLAGE OF OSWEGO, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

During the afternoon rush hour on January 30, 1999, the plaintiff, Rosemary Steinbrecher, was walking north along Douglas Road in Oswego, Illinois, on her way back to the grocery store at which she had left her wallet. According to her complaint, there was no sidewalk on the east side of the road, so she walked on the shoulder with the flow of traffic. Oswego Police Officer Dickey pulled up behind her and asked her to produce identification. Ms. Steinbrecher explained that she could not produce identification because she had left her wallet at the grocery store. In that case, Officer Dickey said, he would have to take her into custody and search her. Ms. Steinbrecher said that she did not want to be searched and attempted to walk away, but Officer Dickey grabbed her arm, twisted it behind her back, pushed her by the neck to the squad car and ordered her to place her hands on the hood. Ms.



Steinbrecher broke down in tears and was humiliated because people driving by could easily witness this public abuse. Sergeant Radley then appeared on the scene. Ms. Steinbrecher told the officers that she had her checkbook, and Officer Dickey searched Ms. Steinbrecher's backpack. When she asked what authority they had to stop and search her, Sergeant Radley responded that it was department policy. The officers ultimately released her and no charges were brought against her.

On February 2, 1999, Ms. Steinbrecher met with the police chief to complain about her detention and search. He refused to initiate a complaint against Officers Radley and Dickey, and he said that everything that happened was in conformity with Oswego Police department policy. She brings individual claims for illegal search and seizure against Officers Dickey and Radley, and the Village of Oswego under 42 U.S.C. § 1983, and a class action claim against the Village for injunctive relief. Ms. Steinbrecher seeks class certification on Count IV only, which I deny. The defendants' motion to dismiss all counts is granted in part and denied in part.

I. Class Certification

Ms. Steinbrecher asks me to certify a class of people who have been or will be stopped by the Oswego Police Department, asked to produce identification, and subjected to an illegal search or seizure for failure to produce identification. Federal Rule of

Civil Procedure 23(c)(1) directs me to rule on the issue of class certification as soon as practicable, and I should consider class certification prior to any ruling on the merits. *Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 474 (7th Cir. 1997). In order to obtain certification, the plaintiff must satisfy each of the requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Shvartsman v. Apfel*, 138 F.3d 1196, 1201 (7th Cir. 1998). The plaintiff must also satisfy at least one of the requirements of Rule 23(b).

A class is sufficiently numerous where "joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Although there is no threshold or magic number at which joinder becomes impracticable, a class of forty is generally sufficient to satisfy Rule 23(a)(1). *Ringswald v. County of DuPage*, 196 F.R.D. 509, 512 (N.D. Ill. 2000) (Bucklo, J.). A plaintiff need not plead or prove the exact number of persons in the class, *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989), and I may rely on common sense assumptions or reasonable inferences, *Ringswald*, 196 F.R.D. at 511, but mere speculation or conclusory allegations as to the size of the class are insufficient, *Roe v. Town of Highland*, 909 F.2d 1097, 1100 n.4 (7th Cir. 1990).

Ms. Steinbrecher alleges that the Oswego police have a policy of seizing and searching anyone who cannot produce identification on demand, and argues that, based on the policy and Oswego's

growing population, proximity to Chicago, and status as a major trucking hub, "there are hundreds of persons" in the class. The existence of a widespread policy or practice may be a sufficient basis for the inference that a class is so numerous that joinder would be impracticable. *See Armstrong v. Chicago Park Dist.*, 117 F.R.D. 623, 627 (N.D. Ill. 1987) (Shadur, J.). However, the policy alleged here is the practice of searching all subjects of police stops who cannot produce identification. She does not identify any other class members, nor does she identify the number of people stopped by the Oswego Police in the relevant time period, much less the number of people who were stopped and could not provide identification. There is no connection shown between the policy and the numbers that she alleges. *See Jiang v. Allstate Ins. Co.*, No. 00 C 5357, 2001 WL 184779, at *2 (N.D. Ill. Feb. 21, 2001). The only basis for concluding that the class is so numerous that joinder would be impracticable is the mere assumption that other members of the class must exist, and this is insufficient to establish numerosity. *See Burke v. Local 710 Pension Fund*, No. 98 C 3723, 2000 WL 336518, at *2 (N.D. Ill. Mar. 28, 2000) (Hibbler, J.). Because there is insufficient evidence of numerosity, I need not consider the other requirements of Rule 23. The motion to certify Count IV is denied.

II. Motion to Dismiss

On a motion to dismiss under Rule 12(b)(6), I accept all well-

pleaded factual allegations of the plaintiff and draw all reasonable inferences in her favor. *Colfax Corp. v. Illinois State Toll Highway Auth.*, 79 F.3d 631, 632 (7th Cir. 1996). Dismissal is only appropriate if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle her to relief. *Id.* The defendants attach a map, affidavit and police reports to their motion to dismiss. I must exclude documents outside the pleadings or else convert the motion to dismiss to one for summary judgment under Rule 56. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). I may consider documents attached to a motion to dismiss to be part of the pleadings only if they are referred to in the plaintiff's complaint and are central to her claim, *see Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). Here the documents attached were not mentioned in the complaint, so I may not consider them on the motion to dismiss.[1]

---

[1] The defendants ask me to take judicial notice of the attachments. One attachment is a police report which ordinarily would not be considered for the truth of statements contained therein even on summary judgment. I certainly cannot take judicial notice of disputed facts contained therein. The attachments also include a map and an affidavit attesting to locations of sidewalk along the route in question. This does not appear to be a situation in which judicial notice, at least at this stage of the proceedings, of the location of sidewalk would be helpful or perhaps feasible, although as noted in the discussion that follows, the fact that sidewalk existed on at least part of the route is admitted by Ms. Steinbrecher. While I could convert the motion to dismiss to one for summary judgment, it is clear from the arguments made that such a motion, if appropriate, should be separately brought, probably after some discovery. Accordingly, I decline to

A.

The defendants move to dismiss the claims against the individual officers (Count I) because they are entitled to qualified immunity. Qualified immunity protects public officials from liability for civil damages "'[if] their conduct does not violate clearly established rights of which a reasonable person would have known.'" *Wollin v. Gondert*, 192 F.3d 616, 622 (7th Cir. 1999) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The Seventh Circuit has established a two-step approach to analyzing qualified immunity questions: the plaintiff must establish that (1) the alleged conduct makes out a constitutional violation, and (2) the constitutional standards were clearly established at the time of the alleged violation. *Rakovich v. Wade*, 850 F.2d 1180, 1210 (7th Cir. 1988). In a Fourth Amendment case, the second part of the Seventh Circuit test requires an inquiry into whether "'a reasonable police officer in the same circumstances . . . and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in light of well-established law.'" *Wollin*, 192 F.3d at 621 (citations omitted). In other words, assuming there was a violation, could a reasonable officer have made a reasonable mistake? *See Malley v. Briggs*, 485 U.S. 335, 341 (1986).

---

consider defendants' attachments and will decide this motion under Rule 12(b)(6), Fed. R. Civ. P.

The defendants concede that Ms. Steinbrecher's seizure amounted to an arrest, but argue that the Officer Dickey had probable cause to arrest Ms. Steinbrecher for violating the Illinois "Rules of the Road," 625 ILCS 5/11-1007(a) or (c),[2] or at least that a reasonable officer could have made a reasonable mistake. To determine whether probable cause existed, I must look to the facts and circumstances known to the arresting officer to determine whether there was reason to believe the suspect was committing or had committed an offense. *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 2000). Ms. Steinbrecher alleges that, after Officer Dickey stopped her and asked her to produce identification, "Dickey admitted to Plaintiff that she was not doing anything suspicious, nor did he suspect that she was involved in criminal wrongdoing." That is not enough to abrogate qualified immunity, however; the standard is objective. *See Auriemma v. Rice*, 910 F.2d 1449, 1453 (7th Cir. 1990) (qualified immunity inquiry is purely objective unless subjective intent is necessary element of underlying constitutional claim); *Maxwell v.*

---

[2] Section 11-1007 provides as follows:
Pedestrians walking on highways. (a) Where a sidewalk is provided and its use is practicable, it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway. . . .

(c) Where neither a sidewalk nor a shoulder is available, any pedestrian walking along and upon a highway shall walk as near as practicable to an outside edge of a roadway, and, if on a two-way roadway, shall walk only on the left side of the roadway. . . .

*Indianapolis*, 998 F.2d 431, 435 (7th Cir. 1993) (Fourth Amendment inquiry is purely objective).

Ms. Steinbrecher alleges that there was no sidewalk on the east side of the street where she was walking, and that the only alternative for pedestrians was to walk on the gravel shoulder or grass. She submits an affidavit stating that there was a sidewalk on the west side of the street for at least part of her route. Although I may not consider a defendant's additional facts on a motion to dismiss, *see supra*, I may consider additional factual narration from the plaintiff in a brief or affidavit, so long as the additional facts are consistent with the complaint. *See Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997). There is no inconsistency between the statement in her affidavit that there was a sidewalk on the west side of the road and the allegation in her complaint that there was no sidewalk on the east side of the road, so it is the type of statement I may consider. [3]

---

[3] In the alternative, Ms. Steinbrecher's affidavit constitutes a judicial admission, which is binding on her in this lawsuit. *See Soo Line R.R. Co. v. St. Louis S.W. Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997). Use of a judicial admission does not convert a motion to dismiss to one for summary judgment. A judicial admission is not an evidentiary admission that can be controverted with other evidence; rather, it has the effect of withdrawing a fact from contention later in the proceedings. *See Keller v. United States*, 58 F.3d 1194, 1199 n.8 (7th Cir. 1995). That being so, it is an established fact for the purpose of this lawsuit and cannot be controverted on summary judgment. *See id.*

The existence of a sidewalk on the other side of the road is not conclusive. Section 1007(a) only requires pedestrians to use a sidewalk if its use is *practicable*. "Practicable" means feasible or possible, not merely practical. *See Newman v. Village of Hinsdale*, 592 F. Supp. 1307, 1310 (N.D. Ill. 1984) (holding that it was practicable, if not convenient, to walk on snow-covered sidewalk). On the other hand, § 1007 is a safety statute, *id.* at 1310 n.9, which means that to determine whether the use of a particular sidewalk is "practicable," I must consider not just whether it was there, but whether Ms. Steinbrecher would have had to endanger herself to use it. She has alleged that Douglas Road is a "main thoroughfare" and that she was stopped during rush hour, so it is possible that traffic was quite heavy. There may not have been any crosswalks or safe places to cross the road along Ms. Steinbrecher's route. It would be premature to conclude that use of the sidewalk on the west side of the road was practicable, giving Officer Dickey probable cause to arrest her for violating § 1007(a), or whether a reasonable officer could have made a reasonable mistake about practicability. Section 1007(c) applies only where a pedestrian is walking on the roadway because no sidewalk or no shoulder is available. Ms. Steinbrecher has alleged that she was walking against traffic on the shoulder, not on the road, so there was no probable cause to believe that she was violating § 1007(c). Moreover, no reasonable officer familiar with

the "Rules of the Road" could have been reasonably mistaken about the existence of a shoulder or a violation of § 1007(c) where a pedestrian was walking on the shoulder rather than the road.

As to the search, the defendants argue that Ms. Steinbrecher failed adequately to allege a constitutional violation because she does not say that her person was searched or that the search of her backpack was without her consent. Ms. Steinbrecher alleges that she told Officers Dickey and Radley that her checkbook was in her backpack and that Officer Radley then searched her backpack. The defendants suggest that this establishes consent. However, consent to a search must be voluntarily given. *United States v. Navarro*, 90 F.3d 1245, 1256 (7th Cir. 1996). Ms. Steinbrecher's allegations that Officer Dickey grabbed her arm, twisted it behind her back, and pushed her to the squad car by the neck give sufficient notice of a claim that any consent given was involuntary. This is not a point on which a reasonable officer could make a mistake. Neither officer is entitled to qualified immunity on the basis of Ms. Steinbrecher's complaint, so the defendants' motion is denied as to Count I.

B.

Ms. Steinbrecher sues the Village of Oswego for indemnification under 745 ILCS 10/9-102, and the defendants object that her claim is barred by the one-year statute of limitations for claims against municipalities. 745 ILCS 10/8-101. Although a

plaintiff is entitled to bring a § 9-102 claim against a municipality prior to a finding of liability against municipal employees, see *Wilson v. City of Chicago*, 120 F.3d 681, 684-85 (7th Cir. 1997), Ms. Steinbrecher failed to bring it within one year of the date of the incident, so it is time-barred. *See Escobar v. Foster*, No. 99 C 4812, 2000 U.S. Dist. LEXIS 6503, at *9-10 (N.D. Ill. May 10, 2000) (Guzman, J.). Count II is dismissed.

C.

The defendants argue that Ms. Steinbrecher has failed to adequately state a claim for a § 1983 violation by the Village of Oswego. A municipality may not be liable for the actions of its employees on a theory of *respondeat superior*. *Abbott v. Village of Winthrop Harbor*, 205 F.3d 976, 981 (7th Cir. 2000) (citing *Monell v. New York Dept. of Soc. Servs.*, 436 U.S. 658 (1978)). To state a claim against a municipality under § 1983, a plaintiff must allege that a municipal policy or custom caused her injury. *Id.*

Ms. Steinbrecher alleges, "[u]pon information and belief, [that] the Village of Oswego has a written policy ordering its police officers to conduct illegal searches and seizures of individuals in the absence of specific, objective facts indicating involvement in criminal activity, if those individuals are unable to produce identification." Pleading "upon information and belief" is sufficient to satisfy federal notice pleading under Fed. R. Civ. P. 8(a), *Chisholm v. Foothill Capital Corp.*, 940 F. Supp. 1273,

1280 (N.D. Ill. 1996), and no heightened pleading standard applies to *Monell* claims. *McCormick v. City of Chicago*, 230 F.3d 319, 323 (7th Cir. 2000) (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993)). Ms. Steinbrecher need not necessarily plead facts to support this allegation, *id.* at 325-26, but she does: she alleges that both Sergeant Radley and Police Chief Wunsch told her that it was department policy to search anyone who could not produce identification. This is sufficient to give notice of her claim.

The defendants next object that Ms. Steinbrecher fails to state a claim because she alleges only one incident. She need not allege more than one incident; as I have explained before, a municipal violation of a single person's rights may result in § 1983 liability if there is proof that it was pursuant to an unconstitutional policy or practice. *Mohr v. Chicago Sch. Reform Bd. of Trustees*, 99 F. Supp.2d 934, 939 (N.D. Ill. 2000) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985)).

Finally, the defendants argue that Ms. Steinbrecher cannot state a claim on the basis of Chief Wunsch's statement or actions because she did not allege that he is a "final policymaking authority." Whether he is a policymaker is a question of state and local law, *see City of St. Louis v. Prapotnik*, 485 U.S. 112, 124-25 (1988), and it is premature to conclude that the Chief of Police of Oswego does not have the authority to make policy. The two cases

cited by the defendants, applying Indiana state law and Chicago city ordinances, are not dispositive. Moreover, even if Chief Wunsch is not a policymaker, his statement, if true, is evidence that there was an express policy, or at least a custom or practice of acquiescing in the practice of searching anyone who cannot provide identification. The *Monell* claim (Count III) stands.

### III.

The defendants' only objection to the class action claim in Count IV is that Ms. Steinbrecher failed to satisfy the requirements for class certification. I deny certification of the class, but Ms. Steinbrecher may pursue her claims for injunctive relief in Count IV as an individual. The plaintiff's motion for class certification is DENIED, and the defendants' motion to dismiss is GRANTED in part as to Count II and DENIED in part as to Counts I, III, and IV.

ENTER ORDER:

*Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: April 13, 2001

Copies have been mailed to:

Mariel Nanasi
Law Office of Mariel Nanasi
53 W. Jackson Blvd., #1515
Chicago, IL  60604

Attorney for Plaintiff

James C. Vlahakis
Hinshaw & Culbertson
222 N. LaSalle Street, #300
Chicago, IL  60601-1081

Attorneys for Defendants